# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| RONALD WAGNER II, <br> 6080 Drenta Circle, S.W. <br> Navarre, Ohio 44662 | ) <br> ) <br> ) <br> ) | CASE NUMBER: |
| *Plaintiff*, <br> vs. | ) <br> ) <br> ) <br> ) | JUDGE: |
| THE CITY OF CANTON, OHIO <br> Division of Police <br> 221 Third Street <br> Canton, Ohio 44702 | ) <br> ) <br> ) <br> ) <br> ) | **COMPLAINT** <br><br> *(Jury Demand Endorsed Hereon)* |
| And | ) <br> ) | |
| THE CITY OF CANTON, OHIO <br> c/o Kristen Bates Aylward <br> 218 Cleveland Avenue, S.W. <br> Canton, Ohio 44701 | ) <br> ) <br> ) <br> ) <br> ) | |
| And | ) <br> ) | |
| STEVEN E. SHACKLE, individually and <br> as agent of the CITY OF CANTON <br> c/o City of Canton, Div. of Police <br> 221 Third Street <br> Canton, Ohio 44702 | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| And | ) <br> ) | |
| KEITH FOSTER, individually and as agent <br> of the CITY OF CANTON <br> c/o City of Canton, Div. of Police <br> 221 Third Street <br> Canton, Ohio 44702 | ) <br> ) <br> ) <br> ) <br> ) <br> ) | |
| And | ) | |

| | |
|---|---|
| JOSEPH BARNHOUSE, individually | ) |
| and as agent of the CITY OF CANTON | ) |
| c/o City of Canton, Div. of Police | ) |
| 221 Third Street | ) |
| Canton, Ohio 44702 | ) |
| | ) |
| And | ) |
| | ) |
| THE OHIO STATE HIGHWAY PATROL | ) |
| 1970 West Broad Street | ) |
| Columbus, Ohio 43223 | ) |
| | ) |
| And | ) |
| | ) |
| | ) |
| J-VONNE HUMPHREYS, individually and | ) |
| as agent of the OHIO STATE HIGHWAY | ) |
| PATROL | ) |
| c/o Ohio State Highway Patrol, Canton Post | ) |
| 4710 Shuffel Street, N.W | ) |
| Canton, Ohio 44720 | ) |
| | ) |
| *Defendants*. | ) |

## COMPLAINT AT LAW

NOW COMES the Plaintiff, RONALD WAGNER II, by and through his attorneys, PLEVIN & GALLUCI, and complaining against Defendants THE CITY OF CANTON, OHIO; STEVEN E. SHACKLE, individually and as agent of the CITY OF CANTON; KEITH FOSTER, individually and as agent of the CITY OF CANTON; JOSEPH BARNHOUSE, individually and as agent of the CITY OF CANTON; THE OHIO STATE HIGHWAY PATROL; and J-VONNE HUMPHREYS, individually and as agent of the OHIO STATE HIGHWAY PATROL, pleading hypothetically and in the alternative, states as follows:

## NATURE OF ACTION

1. This cause of action arises out of the assault and battery, harassment, malicious prosecution, wrongful arrest, and other unlawful treatment of Plaintiff RONALD WAGNER, caused by Defendants THE CITY OF CANTON, STEVEN E. SHACKLE, KEITH FOSTER, JOSEPH BARNHOUSE, THE OHIO STATE HIGHWAY PATROL and J-VONNE HUMPHREYS, on or about May 13, 2018, at or near the intersection of McGregor Avenue NW and 12th Street NW in the City of Canton, County of Stark, Ohio.

2. This cause of action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of state law of Plaintiff RONALD WAGNER's rights as secured by the United States Constitution.

3. This cause of action is for money damages brought pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth Amendments to the United States Constitution, and Ohio state law.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over federal questions pursuant to 28 U.S.C. §1331 and redressing violations of civil rights pursuant to 28 U.S.C. §1343, as well as supplemental jurisdiction over Ohio state law claims pursuant to 28 U.S.C. §1367.

5. Venue is proper in this Court under 28 U.S.C. §1391(b) because all incidents, events, and occurrences giving rise to this action occurred in the Northern District of Ohio. Moreover, upon information and belief, all of the parties reside in this Judicial District.

## THE PARTIES

6. Defendant, CITY OF CANTON, is a municipal corporation organized under the laws of the State of Ohio.

7. On and before May 13, 2018, and at all relevant times hereto, the Defendant, CITY OF CANTON, maintained, as a division of said municipality, a certain police department, commonly referred to as the Canton Police Department.

8. On and before May 13, 2018, and at all relevant times hereto, Defendant Officers STEVEN E. SHACKLE, KEITH FOSTER, and JOSEPH BARNHOUSE were Canton Police Officers employed by the Defendant CITY OF CANTON Police Department.

9. On and before May 13, 2018, and at all relevant times hereto, when Defendants STEVEN E. SHACKLE, KEITH FOSTER, and JOSEPH BARNHOUSE were engaging in the complained of conduct, they were acting under color of law and in the course of their employment as Canton Police Officers.

10. On and before May 13, 2018, the State of Ohio maintained a certain law enforcement entity, commonly referred to as the OHIO STATE HIGHWAY PATROL.

11. On and before May 13, 2018, and at all relevant times hereto, Defendant Officer J-VONN HUMPHREYS was an Ohio State Highway Patrol Trooper employed by the Defendant OHIO STATE HIGHWAY PATROL.

12. On and before May 13, 2018, and at all relevant times hereto, when Defendant J-VONN HUMPHREYS was engaging in the complained of conduct, he was acting under color of law and in the course of his employment as a trooper of the OHIO STATE HIGHWAY PATROL.

13. At all relevant times, Plaintiff WAGNER was a citizen of the United States and a resident of Canton, Stark County, Ohio.

## FACTS APPLICABLE TO ALL COUNTS

14. On May 13, 2018, Plaintiff WAGNER was travelling westbound on 12th Street NW in Canton, Ohio when he was pulled over by the Ohio State Highway Patrol, including Defendant Trooper J-VONNE HUMPHREYS.

15. Plaintiff WAGNER pulled his vehicle to the curb and parked the vehicle.

16. In the course of this traffic stop, Defendant HUMPHREYS contacted the Canton Police Department for back-up.

17. Defendant Canton Police Department officers STEVEN E. SHACKLE, KEITH FOSTER, and JOSEPH BARNHOUSE arrived at the scene of the traffic stop.

18. At this time, the most severe offense for which Defendants HUMPHREYS, SHACKLE, FOSTER, and BARNHOUSE suspected Plaintiff WAGNER was a misdemeanor traffic violation.

19. Defendants HUMPHREYS, SHACKLE, FOSTER, and BARNHOUSE requested that Plaintiff WAGNER give them his identification.

20. Plaintiff told Defendants that his name was "Ron," but that he was declining to give his identification, because he did not feel the stop was lawful.

21. Plaintiff WAGNER did not raise his voice during his exchange with Defendants.

22. Plaintiff WAGNER did not verbally or physically threaten Defendants during this exchange.

23. Plaintiff WAGNER did not attempt to flee, either physically or in his vehicle, from Defendants.

24. Plaintiff did not move his vehicle or attempt to do so at any point during the exchange.

25. At all times during the traffic stop, both of Plaintiff's hands were visible, because he was recording a video of the traffic stop with his cellular phone.

26. Plaintiff was carrying no weapon at the time of this traffic stop. Defendants asked Plaintiff several times whether he was carrying a weapon; Plaintiff indicated to Defendants each time that he was not.

27. Plaintiff told Defendants he would answer questions about his possession of weapons because he didn't want Defendants to be "jumpy" or think that he "may have weapons or something."

28. Defendant FOSTER stated to Plaintiff "I'm not jumpy…I don't think that you've committed any crime…I have no idea why he pulled you over."

29. Defendant SHACKLE referred to Plaintiff to Canton dispatch as a "constitutionalist," indicating that his understanding for the basis for Plaintiff's objection was a legal one.

30. Defendant BARNHOUSE stated to Plaintiff that he also had "no idea why he pulled you over."

31. Defendants requested from the Canton Police Department a police K-9, which was brought to the scene of the traffic stop and placed in the control of Defendant BARNHOUSE.

32. The police K-9 was of the Belgian Malinois breed, a breed known for a very powerful bite strength and grip, and weighed approximately 100 pounds.

33. Defendants FOSTER, SHACKLE, and HUMPHREYS smashed the windows of Plaintiff's vehicle.

34. Defendants shouted for Plaintiff to show his hands. Plaintiff complied and raised both hands above his head. Defendant HUMPHREYS reached into the vehicle and seized Plaintiff's arms.

35. Defendant BARNHOUSE then threw the police K-9 into Plaintiff's vehicle.

36. The police K-9 bit Plaintiff on his left arm, shaking its head repeatedly and tearing Plaintiff's flesh.

37. Defendants pulled Plaintiff from his vehicle, with the K-9 still biting firmly onto Plaintiff's arm.

38. Defendants grabbed Plaintiff's legs and placed Plaintiff face down in handcuffs.

39. Plaintiff did not resist his handcuffing or attempt to flee.

40. Defendants allowed the K-9 to bite Plaintiff for approximately 30 seconds after his handcuffing before Defendant BARNHOUSE ordered the K-9 to release Plaintiff.

41. Defendants allowed the K-9 to bite Plaintiff for a total of approximately 1 minute, during which time the K-9 never released its grip, and shook its head many times.

42. Following the arrest, as Plaintiff sat on the sidewalk in handcuffs awaiting medical treatment, Defendant BARNHOUSE taunted Plaintiff, asking "Why are you a constitutionalist?"

43. As a result of the bite, Plaintiff's left arm required multiple surgical procedures.

44. In September of 2016, all charges against Plaintiff WAGNER were dismissed.

### COUNT 1 – 42 U.S.C. §1983 – Excessive Force
### (*Ron Wagner v. Defendant Barnhouse*)

45. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

46. The aforementioned conduct of Defendant BARNHOUSE constituted excessive force in violation of the United States Constitution.

47. At all material times, Defendant BARNHOUSE was acting under color of state law as agent and employee of Defendant CITY OF CANTON.

48. At all material times, Defendant BARNHOUSE was wearing an official department uniform and was acting in the course and scope of his duties as a Canton Police Officer at the time that he physically assaulted Plaintiff WAGNER.

49. At all material times, Defendant BARNHOUSE had no reason to believe that Plaintiff was armed or dangerous.

50. At all material times, Defendant BARNHOUSE did not have a reasonable fear of imminent bodily harm when he physically assaulted Plaintiff, nor did Defendant BARNHOUSE have a reasonable belief that any other person was in danger of imminent bodily danger from Plaintiff WAGNER.

51. At all material times, Defendant BARNHOUSE did not have a reasonable fear that Plaintiff posed a risk of flight.

52. The aforementioned conduct of Defendant BARNHOUSE in releasing the K-9 on Plaintiff WAGNER and allowing the dog to continue biting Plaintiff WAGNER after his surrender and handcuffing was objectively unreasonable.

53. The aforementioned conduct of Defendant BARNHOUSE was done intentionally and with a reckless disregard for Plaintiff's rights.

54. As a result of Defendant BARNHOUSE's unjustified and excessive use of force, Plaintiff WAGNER experienced conscious pain and suffering.

55. As a result of Defendant BARNHOUSE's unjustified and excessive use of force, Plaintiff WAGNER was forced to incur medical bills and undergo medical treatment, suffered lost wages, and experienced psychological pain and suffering, disfigurement and disability, and the loss of a normal life.

WHEREFORE Plaintiff WAGNER demands judgment against Defendant BARNHOUSE for compensatory and punitive damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

## COUNT 2 – 42 U.S.C. §1983 – Failure to Intervene
(*Ron Wagner v. Defendants Foster, Shackle, and Humphreys*)

56. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

57. At all material times, Defendants FOSTER, SHACKLE, and HUMPHREYS were acting under color of state law as agents and employees of Defendants CITY OF CANTON and the OHIO STATE HIGHWAY PATROL.

58. At all material times, Defendants FOSTER, SHACKLE, and HUMPHREYS were wearing official department uniforms and were acting in the course and scope of their duties as Canton Police Officers or Ohio State Highway Patrol Troopers.

59. At all material times, Defendants FOSTER, SHACKLE, and HUMPHREYS had no reason to believe that Plaintiff was armed or dangerous.

60. At all material times, Defendants FOSTER, SHACKLE, and HUMPHREYS did not have a reasonable fear of imminent bodily harm, nor did Defendants FOSTER, SHACKLE, and HUMPHREYS have a reasonable belief that any other person was in danger of imminent bodily danger from Plaintiff WAGNER.

61. At all material times, Defendants FOSTER, SHACKLE, and HUMPHREYS did not have a reasonable fear that Plaintiff posed a risk of flight.

62. At all material times, Defendants FOSTER, SHACKLE, and HUMPHREYS were aware that Defendant BARNHOUSE intended to deploy a police K-9 on Plaintiff WAGNER.

63. At all material times, Defendants FOSTER, SHACKLE, and HUMPHREYS observed the force applied by Defendant BARNHOUSE.

64. At all material times, Defendants FOSTER, SHACKLE, and HUMPHREYS knew or had reason to know that the force applied by Defendant BARNHOUSE was disproportionate and excessive.

65. At all material times, Defendants FOSTER, SHACKLE, and HUMPHREYS observed or had reason to know that a violation of Plaintiff WAGNER's constitutional right to be free from excessive force was occurring.

66. At all material times, Defendants FOSTER, SHACKLE, and HUMPHREYS had the opportunity and means to prevent this harm from occurring.

67. Defendants FOSTER, SHACKLE, and HUMPHREYS failed to intervene with Defendant BARNHOUSE or the K-9 to prevent the violation of Plaintiff's constitutional rights.

68. The aforementioned conduct of Defendants FOSTER, SHACKLE, and HUMPHREYS in failing to intervene against the violation of Plaintiff WAGNER's constitutional rights during the initial deployment of the K-9 against WAGNER, and through and after his surrender and handcuffing, was objectively unreasonable.

69. The aforementioned conduct of Defendants FOSTER, SHACKLE, and HUMPHREYS was done intentionally and with a reckless disregard for Plaintiff's rights.

70. As a result of Defendants FOSTER, SHACKLE, and HUMPHREYS' unjustified failure to intervene, Plaintiff WAGNER experienced conscious pain and suffering.

71. As a result of Defendants FOSTER, SHACKLE, and HUMPHREYS' unjustified failure to intervene, Plaintiff WAGNER was forced to incur medical bills and undergo medical treatment, suffered lost wages, and experienced psychological pain and suffering, disfigurement and disability, and the loss of a normal life.

WHEREFORE Plaintiff WAGNER demands judgment against Defendants FOSTER, SHACKLE, and HUMPHREYS for compensatory and punitive damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

### COUNT 3 – 42 U.S.C. §1983 – *Monell*
### (*Ron Wagner v. City of Canton*)

72. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

73. At all relevant times, Defendant CITY OF CANTON had in effect policies, practices, or customs that condoned, fostered, and were the driving force of the unconstitutional conduct of Defendants BARNHOUSE, FOSTER, and SHACKLE,.

74. Defendant CITY OF CANTON failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Ohio.

75. Defendant CITY OF CANTON failed to properly train Defendants BARNHOUSE, FOSTER, and SHACKLE in one or more of the following areas:

   a. Adherence to a use of force policy or continuum, consistent with that used by law enforcement agencies in Ohio;
   b. Proper deployment and withdrawal of a police K-9;
   c. Use of force on non-resistant suspects; and

      d.  Intervention against the improper, disproportionate, and excessive use of force by fellow officers.

76. Defendant CITY OF CANTON failed to properly supervise Defendants BARNHOUSE, FOSTER, and SHACKLE.

77. Defendant CITY OF CANTON failed to ensure the proper routine training and certification of its police K-9s.

78. As such, Defendant CITY OF CANTON was deliberately indifferent and reckless with respect to the potential violation of Plaintiff WAGNER's constitutional right to be free from excessive force.

79. Defendant CITY OF CANTON's policies, practices, customs, and/or failures were the moving force behind the actions of Defendants BARNHOUSE, FOSTER, and SHACKLE, which resulted in the injuries to Plaintiff WAGNER.

80. The failure to train constituted an official policy, a practice, or a custom of Defendant CITY OF CANTON.

81. The failure to supervise constituted an official policy, practice, or a custom of Defendant CITY OF CANTON.

82. Arresting an individual is a usual and recurring situation with which the agents of Defendant CITY OF CANTON encounter on a regular basis.

83. Deployment of police K-9s is a usual and recurring situation with which the agents of Defendant CITY OF CANTON encounter on a regular basis.

84. As a direct and proximate result of the acts and omissions of Defendant CITY OF CANTON, Plaintiff WAGNER was forced to incur medical bills and undergo medical treatment, suffered lost wages, and experienced psychological pain and suffering, disfigurement and disability, and the loss of a normal life.

WHEREFORE, Plaintiff WAGNER demands judgment against Defendant CITY OF CANTON for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

### COUNT 4 – 42 U.S.C. §1983 – *Monell*
(*Ron Wagner v. Ohio State Highway Patrol*)

85. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

86. At all relevant times, Defendant OHIO STATE HIGHWAY PATROL had in effect policies, practices, or customs that condoned, fostered, and were the driving force of the unconstitutional conduct of Defendant HUMPHREYS.

87. Defendant OHIO STATE HIGHWAY PATROL failed to implement and adhere to a use of force continuum consistent with that used by law enforcement agencies in Ohio.

88. Defendant OHIO STATE HIGHWAY PATROL failed to properly train Defendant HUMPHREYS in one or more of the following areas:

   a. Adherence to a use of force policy or continuum, consistent with that used by law enforcement agencies in Ohio;
   b. Proper deployment and withdrawal of a police K-9;
   c. Use of force on non-resistant suspects; and
   d. Intervention against the improper, disproportionate, and excessive use of force by fellow officers.

89. Defendant OHIO STATE HIGHWAY PATROL failed to properly supervise Defendant HUMPHREYS.

90. As such, Defendant OHIO STATE HIGHWAY PATROL was deliberately indifferent and reckless with respect to the potential violation of Plaintiff WAGNER's constitutional right to be free from excessive force.

91. Defendant OHIO STATE HIGHWAY PATROL's policies, practices, customs, and/or failures were the moving force behind the actions of Defendants HUMPHREYS, which resulted in the injuries to Plaintiff WAGNER.

92. The failure to train constituted an official policy, a practice, or a custom of Defendant OHIO STATE HIGHWAY PATROL.

93. The failure to supervise constituted an official policy, practice, or a custom of Defendant OHIO STATE HIGHWAY PATROL.

94. Arresting an individual is a usual and recurring situation with which the agents of Defendant OHIO STATE HIGHWAY PATROL encounter on a regular basis.

95. Deployment of police K-9s is a usual and recurring situation with which the agents of Defendant OHIO STATE HIGHWAY PATROL encounter on a regular basis.

96. As a direct and proximate result of the acts and omissions of Defendant OHIO STATE HIGHWAY PATROL, Plaintiff WAGNER was forced to incur medical bills and undergo medical treatment, suffered lost wages, and experienced psychological pain and suffering, disfigurement and disability, and the loss of a normal life.

WHEREFORE, Plaintiff WAGNER demands judgment against Defendant OHIO STATE HIGHWAY PATROL for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

### COUNT 5 – 42 U.S.C. §1983 – *Monell*
(*Ron Wagner v. Defendant Barnhouse*)

97. Plaintiff incorporates and re-alleges all preceding paragraphs as though fully plead herein.

98. DEFENDANT BARNHOUSE battered Plaintiff WAGNER when Defendant BARNHOUSE deployed a police K-9 against Plaintiff without legal provocation.

99. At all relevant times, DEFENDANT BARNHOUSE was acting within the course and scope of his employment with the Defendant CITY OF CANTON.

100. These acts constituted harmful and unlawful touching of Plaintiff WAGNER's person and were conducted without Plaintiff's consent.

101. At all times, Defendant BARNHOUSE acted with malicious purpose, in bad faith, and/or in a wanton and reckless manner.

102. As a direct and proximate result of the acts and omissions of Defendant BARNHOUSE, Plaintiff WAGNER was forced to incur medical bills and undergo medical treatment, suffered lost wages, and experienced psychological pain and suffering, disfigurement and disability, and the loss of a normal life.

WHEREFORE, Plaintiff WAGNER demands judgment against Defendant BARNHOUSE for damages, costs, disbursements, attorney's fees, interests, and for any further relief that this Court deems fair and just.

Respectfully Submitted,

By: *Frank L. Gallucci, III*
Frank L. Gallucci III (OH #: 0072680)
David R. Grant (OH #: 0065436)
**PLEVIN & GALLUCI**
55 Public Square, Suite 2222
Cleveland, OH 44113
Tel: (216) 861-0804
Fax: (216) 861-5322
fgallucci@pglawyer.com
dgrant@pglawyer.com
Counsel for Plaintiff

-and-

*Pending Pro Hace Vice Admission*
Antonio M. Romanucci (IL # 6190290)
Nicolette A. Ward (IL # 6324818)
**ROMANUCCI & BLANDIN, LLC**
321 North Clark Street, Suite 900
Chicago, IL 60654
Tel: (312) 458-1000
Fax: (312) 458-1004
aromanucci@rblaw.net
Counsel for Plaintiff

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues raised herein.

/s/ *Frank L. Gallucci, III*
Frank L. Gallucci, III (OH # 0072680)
*Counsel for Plaintiff*